FILED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2018 NOV 26 P 2: 46

CATHY S. GATSON
ANAWHA COUNTY CIRCUIT COURT

Civil Action No. _18 - C - 1468_

**DAVID HYRE**

    Plaintiffs,

                                         JURY TRIAL DEMANDED

    vs.

**CRC INDUSTRIES, INC.**
c/o Dennis Colon,
800 Enterprise Road, Suite 101
Horsham, PA 19044

**SAFETY-KLEEN SYSTEMS, INC.**
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

**RADIATOR SPECIALTY COMPANY**
c/o Ronald M. Weiner
600 Radiator Road
Indian Trail, NC 28079

**UNITED STATES STEEL CORPORATION**
f/k/a United States Steel LLC,
f/k/a USX Corporation
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

**E.I. DU PONT DE NEMOURS & COMPANY**
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311-2124

    *Defendants.*

1



## COMPLAINT

1.    Plaintiff, David Hyre, (herein after "Plaintiff" or "Mr. Hyre") is an individual residing at 198 Meldahl Place, Washington, West Virginia 26181. Mr. Hyre's date of birth is July 31, 1955. He is retired.  Mr. Hyre worked as an industrial mechanic performing various types of mechanical work from 1980-2009 in and around Parkersburg, West Virginia.  Specifically, Mr. Hyre performed mechanical work while employed by Dupont Washington Works.  In the course of his work as an industrial mechanic, Plaintiff was exposed to dangerous levels of benzene by working with and being exposed to various benzene-containing products which were manufactured, marketed, supplied, sold and/or distributed by Defendants.  As a direct and proximate result of his exposure to benzene-containing products, Plaintiff, David Hyre developed Myelodysplastic Syndrome ("MDS") including multiple related adverse blood and bone marrow effects, cellular abnormalities, anemia, genotoxic effects and resultant DNA and chromosomal damage as diagnosed on July 12, 2017.

2.    (a) Defendant, **CRC INDUSTRIES, INC.** is a Pennsylvania Corporation, with its principal place of business in the State of Pennsylvania.

(b) Defendant, **SAFETY-KLEEN SYSTEMS, INC.** is a Wisconsin Corporation, with its principal place of business located in the State of Texas.

(c) Defendant, **RADIATOR SPECIALTY COMPANY** is a North Carolina Company, with its principal place of business located in State of North Carolina.

(d) Defendant, **UNITED STATES STEEL CORPORATION**, Individually, f/k/a United States Steel LLC, and f/k/a USX Corporation, is a Delaware Corporation, with its principal place of business located in the State of Pennsylvania.

(e) **E.I. DU PONT DE NEMOURS and COMPANY** is a Delaware Corporation, with its principal place of business located in the State of Delaware.

3.     The injuries and cause of action alleged herein are due in part to actions and events hereinafter described occurring in West Virginia, as a result of the Defendants doing business in the State of West Virginia, and as a result of actions elsewhere.

4.     During the time Plaintiff was exposed to the Defendants' products, the products reached Plaintiff's jobsites without any substantial change in their condition from the time they were sold or distributed by the Defendants.

5.     The Plaintiff was exposed to and did inhale benzene from the Defendants' products, which caused the conditions as set forth herein, resulting in disability. Plaintiff's exposures occurred at the Dupont Washington Works in the State of West Virginia.

6.     The following Defendant was, at all times relevant herein, the owner and operator (hereinafter "premises owner"), of chemical processing plants, research facilities, electrical and steam generating plants and industrial facilities situated in West Virginia, which are hereafter referred to as "plants", at which Plaintiff was exposed to benzene:

   E.I. DU PONT DE NEMOURS and COMPANY

7.     The following Defendants (hereinafter defendant "sellers") or their predecessors in interest, at all times relevant, engaged in one or more of the following activities involving benzene and other ingredients in their materials, including, but not limited to, the manufacturing, distributing, supplying, selling and/or using and/or specifying for use, and/or recommending, and/or installing and/or other dangerous ingredients and products:

   CRC INDUSTRIES, INC.
   SAFETY-KLEEN SYSTEMS, INC.
   RADIATOR SPECIALTY COMPANY
   UNITED STATES STEEL CORPORATION

E.I. DU PONT DE NEMOURS and COMPANY

## COUNT I

### AGAINST -"SELLERS"

8.    At all times pertinent hereto, Plaintiff was exposed to benzene and other harmful ingredients contained in products manufactured, supplied, and/or sold by the various Defendants identified as sellers acting through their agents, servants, and employees.

9.    Plaintiff's condition is a direct and proximate result of the Defendants' negligence, both jointly and severally, in that they produced, supplied, and/or sold, and/or used, and/or delivered products containing benzene and/or specified and other dangerous ingredients, which products Defendants knew, or in the exercise of reasonable care, should have known, were inherently, excessively, and ultrahazardously dangerous to Plaintiff.

10.   Plaintiff's condition is a direct and proximate result of the Defendants' negligence, both jointly and severally, in that they produced, supplied and/or sold, and/or used, and/or specified, and/or delivered products containing benzene and other dangerous ingredients and did further:

    (a)    Fail to warn Plaintiff of the dangers of the said products when the Defendants knew, or should have known, that exposure to the benzene-containing products and other ingredients of said products would cause disease and injury;

    (b)    Fail to take reasonable precautions to warn the Plaintiff of the dangers to which he was exposed when the Defendants knew, or should have known, of such dangers;

    (c)    Fail to exercise reasonable care to warn the Plaintiff of the danger to which he was exposed by use of the benzene-containing products and other ingredients in said Defendants' products;

    (d)    Fail to inform the Plaintiff of what would be safe and sufficient apparel for a person who was exposed to or used the product or products;

4

(e)   Fail to inform the Plaintiff of what would be safe, sufficient and proper protective equipment and appliances when using or being exposed to benzene-containing products and other ingredients in said Defendants' products;

(f)   Fail to inform the Plaintiff of what would be safe and proper methods of handling and using their products;

(g)   Fail to test the benzene-containing products in order to ascertain the dangers involved;

(h)   Fail to test the other ingredients in their products to ascertain the dangers involved;

(i)   Fail to remove the benzene-containing products from the market when the Defendants knew, or should have known, of the hazards of the exposure to benzene and the use of benzene-containing products and/or of other ingredients in their products;

(j)   Fail to place any warnings on the benzene-containing products to warn the handlers thereof of the dangers of said benzene-containing products and failure to warn of dangers of other ingredients in their products.

11.   As a direct and proximate result of the Defendants' negligence, both jointly and severally, Plaintiff has suffered, and will in the future suffer, damages for medical treatment, drugs, and other unknown remedial medical measures, great pain of the body and mind, embarrassment and inconvenience, loss of earning capacity, loss of enjoyment of life, and shortening of his life expectancy.

12.   As a direct and proximate result of the negligence of the Defendant corporations, both jointly and severally, Plaintiff has suffered and is suffering from MDS including multiple related adverse blood and bone marrow effects, cellular abnormalities, anemia, genotoxic effects and resultant DNA and chromosomal damage, and such may progress into other severe and disabling diseases of the body, shock, and other attendant nervous or emotional disorders, and other diseases and injuries, all of which are or may be permanent in nature.

13. WHEREFORE, Plaintiff prays that this Honorable Court enter judgment on his behalf against the Defendants, both jointly and severally, for an amount that is above this Court's jurisdictional minimum, as provided by law, and also for the cost of this action.

## COUNT II

### AGAINST "SELLERS"

14. Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

15. The Defendant corporations identified as sellers are strictly liable, both jointly and severally, to Plaintiff for failure to properly, adequately, and safely label the benzene-containing products, and/or products containing dangerous ingredients, for selling and/or using and/or specifying benzene-containing products and/or products containing dangerous ingredients that were in a defective condition; for selling products that were unreasonably safe; for selling products containing benzene and other dangerous ingredients that were in a defective condition and unreasonably unsafe because of failure to give reliable and complete warnings of the known and knowable dangers involved in the use and exposure to products containing benzene and/or other dangerous ingredients.

16. As a result of the strict liability of the Defendants, both jointly and severally, Plaintiff has, and will in the future, suffer damages for medical treatment, drugs, and other unknown remedial medical measures, great pain of body and mind, embarrassment and inconvenience, loss of earning capacity, loss of enjoyment of life, and shortening of his life expectancy.

6

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment on his behalf against the Defendants, both jointly and severally, for an amount that is above this Court's jurisdictional minimum, as provided by law, and also for the cost of this action.

## COUNT III

### AGAINST "SELLERS"

17. Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

18. Defendants expressly or impliedly warranted that the products manufactured, supplied, sold and/or delivered and/or specified by each of them were suitable and fit for the purpose for which they were manufactured and sold and were not abnormally dangerous to the general public and persons similarly situated to the Plaintiff.

19. Said warranties by the Defendants were false and untrue and were breached by each of the said Defendants.

20. As a direct and proximate result of Defendants' breaches of said warranties, both jointly and severally, the Plaintiff suffered and will in the future suffer from diseases due to Defendants' actions, has and will suffer damages for medical treatment, drugs, and other unknown remedial medical measures, great pain of body and mind, embarrassment and inconvenience, loss of earning capacity, loss of enjoyment of life, and shortening of his life expectancy, and Plaintiff has been damaged as previously described.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment on his behalf against the Defendants, both jointly and severally, for an amount that is above this Court's jurisdictional minimum, as provided by law, and also for the cost of this action.

## COUNT IV

### DELIBERATE INTENT OF
### E.I. DU PONT DE NEMOURS & COMPANY

21.    All of the allegations contained in the previous paragraphs are re-alleged herein. This count is applicable to Defendant E.I Du Pont De Nemours & Company.

22.    The injuries and damages suffered by Plaintiff were caused by and were the direct and proximate results of the deliberate intent of E.I. Du Pont De Nemours & Company, as defined in West Virginia Code Section 23-4-2(c)2(ii).

23.    Throughout his work career, Plaintiff was exposed to unsafe working conditions in his workplace which presented a high degree of risk and a strong probability of serious injury and/or death.

24.    E.I. Du Pont De Nemours & Company, by and through its employees, permitted Plaintiff to become exposed to benzene and benzene-containing products throughout his career with them when E.I. Du Pont De Nemours & Company had actual knowledge that benzene could cause serious injury or death.  The actions of defendant E.I. Du Pont De Nemours & Company were wanton, willful and reckless.

25.    E.I. Du Pont De Nemours & Company had actual and subjective realization and appreciation of the existence of the aforementioned unsafe working conditions and also had actual and subjective realization and appreciation that there was a high degree of risk and strong probability that serious injury or death could occur as a result of such specific unsafe working conditions.

26.    Such specific unsafe working conditions, as alleged, were in violation of West Virginia safety statutes, rules, regulations, and commonly accepted and well-known safety standards within the chemical manufacturing industry.

27.    Despite the existence of such safety standards, E.I. Du Pont De Nemours & Company exposed Plaintiff, who was its employee, to the aforementioned unsafe working conditions intentionally and in willful, wanton and reckless disregard for his safety.

28.    Defendant E.I. Du Pont De Nemours & Company owed Plaintiff a duty to make inspections and remediate all unsafe working conditions at work sites where it employed him in West Virginia.

29.    As a direct and proximate result of the intentional, willful, wanton and reckless conduct of E.I. Du Pont De Nemours Company, Plaintiff suffered severe personal injury.

30.    E.I. Du Pont De Nemours & Company's actions entitle the Plaintiff to a cause of action pursuant to Section 23-4-2(c)(2)(ii) of the West Virginia Code.

31.    Plaintiff claims compensatory and punitive damages from said Defendant.

WHEREFORE, Plaintiff, David Hyre, prays that this Honorable Court enter judgment on his behalf against E.I. Du Pont De Nemours & Company in an amount deemed just and proper by the jury to adequately compensate Plaintiff for Plaintiff's damages in an amount deemed just by the jury, with interest and costs of suit.

COUNT V

AGAINST PREMISE OWNER

32.    Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

33.    Plaintiff's condition is a direct and proximate result of the negligence of the Defendant premises owner. The premises owner, as owner and operator of the plants described above, owed Plaintiff a duty to exercise reasonable care in protecting the Plaintiff from his work place hazards. The defendant premises owners, breached this duty in the following manners:

9

(a)     It specified or contracted for the use of benzene and benzene containing products, and also provided such products for use by co-workers of the Plaintiff, and further failed to restrict the use of benzene and benzene-containing products in its plants even after it knew or should have known of the dangers associated with work place exposure to benzene;

(b)     It knew, or with the exercise of reasonable care should have known, of the dangers associated with work place exposure to benzene and benzene-containing products application and other use of benzene products;

(c)     It failed to take reasonable precautions or exercise due care to warn Plaintiff of the danger and harm to which he was exposed by using and working in close proximity to benzene and benzene-containing products;

(d)     It failed to provide Plaintiff with protective equipment and clothing to guard him from exposure to benzene and benzene-containing products;

(g)     It failed to provide adequate inspection and supervision with regard to the activities of its employees and contractors and subcontractors involved in the use or benzene and benzene-containing products as aforesaid, after it had actual or constructive notice of the existence of unsafe working conditions on its premises arising from said benzene products;

(h)     The defendants violated applicable statutes and regulations controlling the conduct where the exposures occurred, including the provisions of West Virginia Law dealing with safety and welfare of employees, particularly Sections 21-3-1, 21-3-2, 21-3-7, 21-3-18, and other applicable laws and regulations.

34.     As a direct and proximate result of the negligence of Defendant premises owner the Plaintiff has sustained the injuries set forth.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment on his behalf against the Defendant premise owner for an amount that is above this Court's jurisdictional minimum, as provided by law, and also for the cost of this action.

## COUNT VI

## MEDICAL MONITORING

35. Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

36. Plaintiff requires medical monitoring as a result of his benzene exposure.

37. The obligation to provide medical monitoring is joint and several with all Defendants.

38. Plaintiff asserts a cause of action for medical monitoring as a result of his benzene exposure.

WHEREFORE, Plaintiff prays for damages on his medical monitoring cause of action.

## COUNT VII

## PUNITIVE DAMAGES AS TO ALL DEFENDANTS

39. Plaintiff incorporates the aforementioned paragraphs by reference hereto as fully set forth herein.

40. The conduct of the Defendants as set forth above were willful, wanton, malicious and in reckless disregard of the safety of the Plaintiff and others and therefore, justifies the award of punitive damages

41. As a direct and proximate result of these acts, Plaintiff suffered and will continue to suffer serious bodily injury; endured and will continue to endure great pain and suffering and mental anguish; incurred and will continue to incur medical expenses, lost earnings, and earning capacity, and was otherwise damaged.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment on his behalf against the Defendants, both jointly and severally, for an amount that is above this Court's jurisdictional minimum, as provided by law, and also for the cost of this action.

## **JURY DEMAND**

PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A

GOLDBERG, PERSKY & WHITE, P.C.

BY: _____

Leif J. Ocheltree, Esq. (WV Bar #10401)
333 Penco Road
Weirton, WV 26062
(304) 723-0216

ATTORNEYS FOR PLAINTIFFS

## DECLARATION

I, David Hyre, hereby declare under penalty of perjury that the statements set forth in the foregoing Plaintiff's Complaint in Civil Action are true and correct to the best of my knowledge, information and belief.

David Hyre

Dated: 8/17/18