## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID HYRE,

                    Plaintiff,                              Civil Action No. 2:19-cv-00018

          v.

CRC INDUSTRIES, INC.,
SAFETY-KLEEN SYSTEMS, INC.,
RADIATOR SPECIALTY COMPANY,
UNITED STATES STEEL CORPORATION,
f/k/a UNITED STATES STEEL, LLC,
f/k/a USX CORPORATION, and
E.I. DU PONT DE NEMOURS & COMPANY,

                    Defendants.                            ELECTRONICALLY FILED

## ANSWER AND AFFIRMATIVE DEFENSES OF SAFETY-KLEEN SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen"), by counsel, hereby makes the following response to Plaintiff's Complaint ("Complaint"). To the extent that the Complaint refers to alleged conduct by Safety-Kleen and other persons or entities, Safety-Kleen responds only for its alleged conduct. Safety-Kleen denies all allegations contained in the Complaint that are not specifically admitted, including any allegations in the headings or unnumbered paragraphs of the Complaint. In response to the specific allegations of the Complaint, Safety-Kleen states as follows:

1.      After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

2.    (a)  After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 2(a) of the Complaint and, therefore, denies the same and demands strict proof thereof.

(b)    Safety-Kleen admits that it is a Wisconsin corporation with a principal place of business located in the State of Texas.

(c)    After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 2(c) of the Complaint and, therefore, denies the same and demands strict proof thereof.

(d)    After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 2(d) of the Complaint and, therefore, denies the same and demands strict proof thereof.

(e)    After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 2(e) of the Complaint and, therefore, denies the same and demands strict proof thereof.

3.    The allegations contained in Paragraph 3 of the Complaint set forth legal conclusions which require no response from Safety-Kleen. However, should it later be determined that a response from Safety-Kleen is required, Safety-Kleen denies the same and demands strict proof thereof.

4.    The allegations contained in Paragraph 4 of the Complaint set forth legal conclusions which require no response from Safety-Kleen. However, should it later be determined that a response from Safety-Kleen is required, Safety-Kleen denies the same and demands strict proof thereof.

5.     The allegations contained in Paragraph 5 of the Complaint set forth legal conclusions which require no response from Safety-Kleen. However, should it later be determined that a response from Safety-Kleen is required, Safety-Kleen specifically denies that its services or products caused Plaintiff's alleged disability and/or the development of Myelodysplastic Syndrome ("MDS"). After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 5 of the Complaint and, therefore, denies the same and demands strict proof thereof.

6.     The allegations contained in Paragraph 6 of the Complaint are directed to a defendant other than Safety-Kleen and requires no response.

7.     Safety-Kleen denies the averments contained in Paragraph 7 of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof.  Safety-Kleen also denies the averments contained in Paragraph 7 of the Complaint to the extent that the undefined phrases and terms of "other harmful ingredients" are directed to Safety-Kleen.  Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

### COUNT I

### AGAINST – "SELLERS"

8.     After reasonable investigation, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 8 of the Complaint and, therefore, denies the same and demands strict proof thereof. Safety-Kleen denies the averments contained in Paragraph 8 of the Complaint to the extent that the undefined phrases

and terms of "other harmful ingredients" are directed to Safety-Kleen.  Further, Safety-Kleen denies that any product manufactured, sold, processed, or supplied by Safety-Kleen contributed to and/or caused the injuries alleged to have been sustained by the Plaintiff.

9.      Safety-Kleen denies the averments contained in Paragraph  9 of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

10.      Safety-Kleen denies the averments contained in Paragraph 10 of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  Safety-Kleen further responds to the averments contained in Paragraph 10 of the Complaint as follows:

(a) Safety-Kleen denies the averments contained in Paragraph 10(a) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(a) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(b) Safety-Kleen denies the averments contained in Paragraph 10(b) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the

truth of the averments contained in Paragraph 10(b) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(c) Safety-Kleen denies the averments contained in Paragraph 10(c) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(c) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(d) Safety-Kleen denies the averments contained in Paragraph 10(d) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(d) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(e) Safety-Kleen denies the averments contained in Paragraph 10(e) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(e) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(f) Safety-Kleen denies the averments contained in Paragraph 10(f) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof

thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(f) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(g) Safety-Kleen denies the averments contained in Paragraph 10(g) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(g) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(h) Safety-Kleen denies the averments contained in Paragraph 10(h) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(h) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(i) Safety-Kleen denies the averments contained in Paragraph 10(i) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(i) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

(j) Safety-Kleen denies the averments contained in Paragraph 10(j) of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 10(j) of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

11.    The averments contained in Paragraph 11 of the Complaint are legal conclusions which require no response from Safety-Kleen. To the extent it may later be determined that a response is required, Safety-Kleen denies the averments contained in Paragraph 11 of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

12.    The averments contained in Paragraph 12 of the Complaint are legal conclusions which require no response from Safety-Kleen. To the extent it may later be determined that a response is required, Safety-Kleen denies the averments contained in Paragraph 12 of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

13.    Safety-Kleen denies that Plaintiff is entitled to judgment sought in the "WHEREFORE" paragraph contained in Paragraph 13 of the Complaint.

## COUNT II

### AGAINST "SELLERS"

14.     Safety-Kleen restates and incorporates by reference its response to Paragraphs 1 through 13 of the Complaint, as if fully set forth in this Paragraph.

15.     To the extent that Paragraph 15 of the Complaint alleges that Safety-Kleen is strictly liable for Plaintiff's alleged damages, such averments set forth legal conclusions requiring no response from Safety-Kleen.  To the extent that it may be later determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 15 are directed to defendants other than Safety-Kleen, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of those averments and accordingly denies the same and demands strict proof thereof.  It further denies that any product manufactured, sold, processed, supplied, or distributed by Safety-Kleen contributed to and/or caused the injuries alleged to have been sustained by the Plaintiff.

16.     The averments set forth in Paragraph 16 of the Complaint are legal conclusions which require no response from Safety-Kleen.  To the extent it may later be determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  It is specifically denied that Safety-Kleen is responsible for any injuries and damages allegedly sustained by the Plaintiff.

17.     Safety-Kleen denies that Plaintiff is entitled to the judgment sought in the unnumbered "WHEREFORE" Paragraph set forth in the Complaint immediately following Paragraph 16 of the Complaint.

## COUNT III

### AGAINST "SELLERS"

18.     Safety-Kleen restates and incorporates by reference its response to Paragraphs 1 through 16 of the Complaint, as if fully set forth in this Paragraph.

19.     To the extent that Paragraph 18 of the Complaint alleges that Safety-Kleen expressly or impliedly warranted products it manufactured, processed, supplied and/or sold, such averments set forth legal conclusions which require no response from Safety-Kleen. To the extent it may later be determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  To the extent that the averments set forth in Paragraph 18 of the Complaint are directed to defendants other than Safety-Kleen, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of those averments and accordingly denies the same and demands strict proof thereof.

20.     To the extent that Paragraph 19 of the Complaint alleges that Safety-Kleen expressly or impliedly warranted products it manufactured, processed, supplied, and/or sold, such averments set forth legal conclusions which require no response from Safety-Kleen. To the extent it may later be determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  To the extent that the averments set forth in Paragraph 19 of the Complaint are directed to defendants other than Safety-Kleen, Safety-Kleen is without knowledge or information sufficient to form a belief as to the truth of those averments and accordingly denies the same and demands strict proof thereof.  Safety-Kleen denies breaching any warranties to Plaintiff and further denies that any product manufactured, sold, processed, or supplied by Safety-Kleen contributed to and/or caused the injuries alleged to have been sustained by the Plaintiff.

21.     The averments contained in Paragraph 20 of the Complaint are legal conclusions which require no response from Safety-Kleen. To the extent it may later be determined that a response is required, Safety-Kleen denies the averments contained in Paragraph 20 of the Complaint to the extent that they are directed to Safety-Kleen and demands strict proof thereof. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.

22.     Safety-Kleen denies that Plaintiff is entitled to the judgment sought in the unnumbered "WHEREFORE" Paragraph set forth in the Complaint immediately following Paragraph 20 of the Complaint.

## COUNT IV

### DELIBERATE INTENT OF E.I. DU PONT DE NEMOURS & COMPANY

23.     Safety-Kleen restates and incorporates by reference its response to Paragraphs 1 through 20 of the Complaint, as if fully set forth in this Paragraph. Count IV of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

24.     Paragraph 22 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

25.     Paragraph 23 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

26.     Paragraph 24 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

27.     Paragraph 25 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

28.     Paragraph 26 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

29.     Paragraph 27 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

30.     Paragraph 28 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

31.     Paragraph 29 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

32.     Paragraph 30 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

33.     Paragraph 31 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

34.     The unnumbered "WHEREFORE" Paragraph set forth in the Complaint immediately following Paragraph 31 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

## COUNT V

### AGAINST PREMISE OWNER

35.     Safety-Kleen restates and incorporates by reference its response to Paragraphs 1 through 31 of the Complaint, as if fully set forth in this Paragraph. Count V of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

36.     Paragraph 33 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

37.     Paragraph 34 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

38.     The unnumbered "WHEREFORE" Paragraph set forth in the Complaint immediately following Paragraph 34 of the Complaint is directed to a defendant other than Safety-Kleen and requires no response.

## COUNT VI

### MEDICAL MONITORING

39.     Safety-Kleen restates and incorporates by reference its response to Paragraphs 1 through 34 of the Complaint, as if fully set forth in this Paragraph.

40.     The averments set forth in Paragraph 36 of the Complaint are legal conclusions which require no response from Safety-Kleen.  To the extent it may later be determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 36 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  It is specifically denied that Safety-Kleen is responsible for any injuries and damages allegedly sustained by the Plaintiff.

41.     The averments set forth in Paragraph 37 of the Complaint are legal conclusions which require no response from Safety-Kleen.  To the extent it may later be determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  It is specifically denied that Safety-Kleen is responsible for any injuries and damages allegedly sustained by the Plaintiff.

42.    The averments set forth in Paragraph 38 of the Complaint are legal conclusions which require no response from Safety-Kleen.  To the extent it may later be determined that a response is required, Safety-Kleen denies the same and demands strict proof thereof.  Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 38 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  It is specifically denied that Safety-Kleen is responsible for any injuries and damages allegedly sustained by the Plaintiff.

43.    Safety-Kleen denies that Plaintiff is entitled to the judgment sought in the unnumbered "WHEREFORE" Paragraph set forth in the Complaint immediately following Paragraph 38 of the Complaint.

## COUNT VII

### PUNITIVE DAMAGES AS TO ALL DEFENDANTS

44.    Safety-Kleen restates and incorporates by reference its response to Paragraphs 1 through 38 of the Complaint, as if fully set forth in this Paragraph.

45.    The averments set forth in Paragraph 40 of the Complaint are legal conclusions which require no response from Safety-Kleen.  To the extent it may later be determined that a response is required, the averments contained in Paragraph 40 of the Complaint to the extent they are directed to Safety-Kleen are denied and strict proof thereof is demanded. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 40 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  It is specifically denied that Safety-Kleen is responsible for any injuries and damages allegedly sustained by the Plaintiff.

46.    The averments set forth in Paragraph 41 of the Complaint are legal conclusions which require no response from Safety-Kleen.  To the extent it may later be determined that a response is required, the averments contained in Paragraph 41 of the Complaint to the extent they are directed to Safety-Kleen are denied and strict proof thereof is demanded. Safety-Kleen is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 41 of the Complaint to the extent that they are directed to other defendants and accordingly denies the same and demands strict proof thereof.  It is specifically denied that Safety-Kleen is responsible for any injuries and damages allegedly sustained by the Plaintiff.

47.    Safety-Kleen denies that Plaintiff is entitled to the judgment sought in the unnumbered "WHEREFORE" Paragraph set forth in the Complaint immediately following Paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations/Statutes of Repose)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and statutes of repose.

### THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Bad Faith, Unclean Hands, and Estoppel)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, bad faith, unclean hands and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Conformance with Statutes)

Safety-Kleen's conduct and the subject products at all times conformed to all applicable federal statutes and regulations. Accordingly, Plaintiff's claims are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article VI, clause 2.

## FIFTH AFFIRMATIVE DEFENSE
### (Conformance with Standards)

Safety-Kleen has fully complied with all applicable industry standards and federal (including but not limited to OSHA HazCom standards) and state regulations regarding the manufacture, sale, or distribution of products to which Plaintiff was allegedly exposed.

## SIXTH AFFIRMATIVE DEFENSE
### (Defense to Joint and Several Liability)

If Safety-Kleen is found liable to the Plaintiff, it is not jointly and severally liable with the other defendants since Safety-Kleen's fault, if any, is less than 25% of the total fault attributable to all parties, and is also less than any applicable percentage under West Virginia law whereby the imposition of joint and several liability is permissible.

## SEVENTH AFFIRMATIVE DEFENSE
### (Sophisticated Users)

Plaintiff's claims are barred, in whole or in part, because any Safety-Kleen products to which Plaintiff may have been exposed were sold by Safety-Kleen to sophisticated users.

## EIGHTH AFFIRMATIVE DEFENSE
### (State of Scientific Knowledge)

Plaintiff's claims are barred, in whole or in part, because any Safety-Kleen products to which Plaintiff may have been exposed were consistent with the state of the art at the time such products were sold. Safety-Kleen did not know, and in light of the existing reasonably available

scientific and technical knowledge, could not have known, of: (l) the design characteristics, if any, that allegedly caused or contributed to the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design referred to by Plaintiff. When the subject products were designed, manufactured, and distributed, they conformed to the state of the art and were reasonably safe, and any alternative design was not feasible, either scientifically, or technologically, or was economically impractical.

### NINTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff's claims are barred, in whole or in part, by their failure to mitigate the alleged damages.

### TENTH AFFIRMATIVE DEFENSE
### (Misuse)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff misused the products described in the Complaint, knowing that such misuse was unforeseen and unforeseeable to Safety-Kleen, with full knowledge of any danger resulting from misuse. Any such actions legally caused and contributed to the injuries and damages, if any, that Plaintiff claims.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

Plaintiff's claims may be barred, in whole or in part, by the doctrine of comparative assumption of the risk.

### TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

At all times alleged in the Plaintiff's Complaint, if Plaintiff used Safety-Kleen's products, which Safety-Kleen denies, such use was with knowledge of the danger involved, with

reasonable appreciation of the consequences, and by Plaintiff voluntarily subjecting himself to the unreasonable exposure to said danger. Thus, West Virginia's modified comparative negligence doctrine is applicable to reduce the amount of damages Plaintiff may recover.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

At all times alleged in the Plaintiff's' Complaint, if Plaintiff used Safety-Kleen's products, which Safety-Kleen denies, Plaintiff failed to undertake the precautions that a reasonably careful user of the product would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances. Thus, West Virginia's modified comparative negligence doctrine is applicable to reduce the amount of damages Plaintiff may recover.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Entire Controversy Doctrine)

Plaintiff's claims are barred, in whole or in part, by the entire controversy doctrine.

## FIFTEENTH AFFIRMATIVE DENFESE
### (Necessary Joinder)

Safety-Kleen expressly reserves the right to raise as an affirmative defense that Plaintiff have failed to join all parties necessary for a just adjudication of this action, should discovery reveal the existence of fact to support such a defense.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

The injuries complained of by Plaintiff were not proximately caused by any acts or omissions of Safety-Kleen.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Third Party/Co-Defendant Liability)

Plaintiff's injuries, if any, were caused by third parties or other Defendants over whom Safety-Kleen had no control.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Intervening Cause)

If Plaintiff sustained injuries as alleged in the Complaint, which Safety-Kleen denies, there may have been an intervening, superseding cause or causes leading to these alleged injuries; and, therefore, any actions or inactions on the part of Safety-Kleen were not the proximate cause of the alleged injuries.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Act of God)

Plaintiff's injuries and/or damages, if any, were the result of an operation of nature or Act of God.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Idiosyncratic Reaction)

If Plaintiff sustained any injuries, such injuries may have been the result of sensitivities, medical conditions and/or idiosyncratic reactions peculiar to Plaintiff, which were unknowable or not reasonably foreseeable to Safety-Kleen and for which Safety-Kleen cannot be held responsible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Unavoidable Circumstances)

Plaintiff's injuries and/or damages, if any, may have been the result of unavoidable circumstances which could not have been prevented by anyone.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Pre-Existing Condition)

Plaintiff's injuries and/or damages, if any, may have been the result of pre-existing condition(s) unrelated to Safety-Kleen's conduct or products placed in the stream of commerce by Safety-Kleen.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (*De Minimus* Exposure)

Any exposure of Plaintiff to products for which Safety-Kleen may be legally responsible was *de minimus*, so that Safety-Kleen's products, if any, were not a substantial contributing factor to any condition for which Plaintiff seeks recovery in this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Product Identification)

Plaintiff is not entitled to relief to the extent they are unable to prove the identity of the manufacturer of the precise product used.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Other Defendants' Affirmative Defenses)

Safety-Kleen hereby adopts and incorporates by references, as if set forth fully herein, any affirmative defenses raised by any other Defendant in their Answers to Plaintiff's Complaint, or any subsequent amendment thereto, to the extent that they are not factually inconsistent with the positions of Safety-Kleen.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Agency Relationship)

No agency relationship exists between Safety-Kleen and any other party to this proceeding. Accordingly, Safety-Kleen has no vicarious liability for the act of any other party to this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Duty Owed)

Safety-Kleen violated no duty or obligations owed to the Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Duty to Warn)

To the extent there were any risks associated with the use of the product that is the subject matter of this action that Safety-Kleen knew or should have known and that gave rise to a duty to warn, Safety-Kleen at all times discharged such duty through appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge. In the alternative, Safety-Kleen had no duty to warn persons directly concerning risks, if any, associated with the use of said product.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Off-Set)

To the extent any entity or person, including but not limited to Plaintiff, contributed to Plaintiff's alleged damages and was at fault in doing so, then Safety-Kleen requests that all fault be apportioned according to the percent of fault. Safety-Kleen expressly reserves the right, in the event that Plaintiff settles with other Defendants, to seek a set-off/credit for any proximal negligence that may be attributed to said settling Defendant. If the jury agrees with the Plaintiff's position, Safety-Kleen requests that fault be allocated to the settling Defendant. Safety-Kleen intends to rely, in part, on the witnesses and evidence produced by others, including witnesses retained by Plaintiff. Safety-Kleen reserves the right to read portions of depositions and use evidence necessary regarding allocation of fault even if other Defendants settle before trial.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Off-Set: Collateral Sources/Insurance)

Plaintiff's losses, if any, are subject to an off-set in the amount of any amounts paid or payable to Plaintiff from any collateral source, including but not limited to payments from casualty, disability or health insurance or other type of insurance, indemnification or benefits plans.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Product Liability Act)

Safety-Kleen is entitled to the benefit of all defenses and presumptions contained in, or arising from, any product liability act and/or Uniform Commercial Code enacted by the State whose substantive law controls in this action.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Product Liability Act)

To the extent that discovery may show or demonstrate, this Court lacks subject matter jurisdiction over the action alleged in the Complaint and/or venue is improper.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Bulk Supplier Defense)

Any product manufactured, designed, distributed, sold, or supplied by Safety-Kleen was supplied, if at all, in bulk and with adequate warnings to the customer regarding any potential hazards of the product; therefore, Safety-Kleen cannot be held legally responsible for the customer's failure to relay such warnings to Plaintiff. The Bulk Supplier Defense bars Plaintiff's claims against Safety-Kleen.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's claims are preempted by the laws or regulations issued by federal, state, or local governmental authorities or agencies, including, without limitation, those promulgated by

the Federal Hazardous Substances Act, the Hazard Communication Standard, and the Occupational Safety and Health Administration ("OSHA"), included 29 F.C.F. 1910.1200 and 29 C.F.R. 1910.1028, which preempt any state law claims with respect to allegations relating to labeling and warning. Moreover, Safety-Kleen has complied with all federal, state, and local statutes, regulations, and ordinances regarding product labeling and warning.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Immunity/Government Contractor Defense)

If, at the time of trial, it is shown that Plaintiff used products manufactured, supplied, distributed, or sold by Safety-Kleen, and said products a portion thereof were supplied to, by, or on behalf of the United States Government, or if those products were supplied or sold by the United States Government, then Safety-Kleen raises any immunity from suit or from liability as conferred by the United States Government, and Safety-Kleen specifically pleads the Government Contractor Defense.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Denials)

Safety-Kleen denies each and every allegation contained in the Complaint which is not expressly admitted herein.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

To the extent that the Complaint asserts that Plaintiff is entitled to recover punitive or exemplary damages, then Safety-Kleen asserts the following defenses:

1.    Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c)      The procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Safety-Kleen, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g)      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

h)      The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law; and

i)      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

2.      Plaintiff's claim for punitive damages violates and is, therefore, barred by the Constitution of the State of West Virginia, including, but not limited to, Article III, Sections 4, 5, 6 and 10, on grounds including the following:

a)      It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

c)    The procedures to which punitive damages are awarded fail to provide a limit on the amount of the award against a defendant;

d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

h)    The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law; and

i)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**WHEREFORE**, having answered, Safety-Kleen prays that:

a.    Judgment be entered in favor of Safety-Kleen and against Plaintiff as to all claims asserted in the Complaint;

b.    Safety-Kleen recover its reasonable fees and expenses in connection with this litigation, including attorneys' fees and expenses; and

c.    Safety-Kleen have such other and further relief, both in law and in equity, as the Court deems just and proper.

## JURY DEMAND

Safety-Kleen demands a jury trial on all issues.

## ANSWER TO ANY AND ALL CROSS-CLAIMS

Safety-Kleen hereby denies any and all cross-claims for contribution and/or indemnity filed, or hereafter filed.

In further response, Safety-Kleen hereby incorporates and asserts the forgoing Answer to Plaintiff's Complaint, along with all affirmative defenses asserted, as if same were set forth completely as to each Cross-Claim.

Respectfully submitted,

*/s/ Monica S. Walaan*
Monica S. Walaan, Esq., WV State Bar No. 12673
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7716
Facsimile: (412) 394-2555
mwalaan@clarkhill.com
*Counsel for Defendant, Safety-Kleen Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID HYRE,

     Plaintiff,       Civil Action No. 2:19-cv-00018

  v.

CRC INDUSTRIES, INC.,
SAFETY-KLEEN SYSTEMS, INC.,
RADIATOR SPECIALTY COMPANY,
UNITED STATES STEEL CORPORATION,
f/k/a UNITED STATES STEEL, LLC,
f/k/a USX CORPORATION, and
E.I. DU PONT DE NEMOURS & COMPANY,

     Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** has been served upon counsel of record this 7th day of January, 2019, by the Court's Electronic Case Filing (ECF) System and by U.S. Mail, first class, postage prepaid, as follows:

Leif Ocheltree, Esquire
333 Penco Road
Weirton, WV 26062
*Counsel for Plaintiff*

Christina S. Terek, Esquire
Matthew P. Heiskell, Esquire
Spilman Thomas & Battle, PLLC
1233 Main Street, Suite 4000
Post Office Box 831
Wheeling, WV 26003-8731
*Counsel for CRC Industries, Inc.*

Radiator Specialty Company
c/o Ronald M. Weiner

220817024         - 27 -

600 Radiator Road
Indian Trail, NC 28079


Denise D. Pentino , Esquire
Dinsmore & Shohl, LLP
2100 Market Street
Wheeling, WV 26003
*Counsel for U.S. Steel Corporation f/k/a*
*United States Steel, LLC, f/k/a USX Corporation*


E.I. Du Pont De Nemours & Company
c/o CT Corporation System
1627 Quarrier Street
Charleston, WV 25311-2124


*/s/ Monica S. Walaan*
Monica S. Walaan